United States District Court
Southern District Of Texas
FILED

OCT -9 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas
**ENTERED**
October 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JAMES K. CHAMBERS, | § |
| | § |
| Plaintiff, | § |
| VS. | § |
| | § MISC. ACTION NO. 7:15-MC-138 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al.*, | § |
| | § |
| Defendants. | § |

## REPORT AND RECOMMENDATION

Plaintiff James K. Chambers, a state prisoner proceeding pro se, initiated this miscellaneous action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff was attempting to assert civil rights claims against individuals working in the McConnell Unit for assaulting and threatening him. Because Plaintiff wished to proceed in forma pauperis, the Court informed him of his obligations to pay the filing fee pursuant to the Prison Litigation Reform Act (PLRA). (*See* Docket Nos. 1, 17, 27.) However, the order was returned as undeliverable, and Plaintiff has taken no further action in this case.

As discussed below, Plaintiff has failed to prosecute this action, including failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

Including the instant action, Plaintiff has filed no less than nine lawsuits in the Southern District of Texas alone.[1] Almost all of them alleged civil rights claims related to the conditions

---

[1] *See Chambers v. Harris County Sheriff's Medical Division et al.*, Civ. Action 4:18-cv-4005, Docket No. 31 (civil rights medical care claims dismissed for failure to comply with a

of his confinement in various Texas prison facilities; almost all of them have been dismissed for want of prosecution. *See supra* n.1.

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged that several staff members at the McConnell Unit "tried to beat and choke" him, sprayed him with mace, and threatened to "murder" him. (Docket No. 1-1, at 3.) Along with his Complaint, Plaintiff included an application to proceed in forma pauperis, and he later filed a summary of his inmate trust fund account. (Docket No. 1, at 1; Docket No. 17.)

The undersigned entered an order alerting Plaintiff to his obligations under the PLRA.[2] (Docket No. 27.) As the order explained, even if Plaintiff qualified to proceed in forma pauperis, "[t]he PLRA [ ] requires that the full amount of the filing fee be automatically withdrawn from the plaintiff's trust fund account in periodic installments pursuant to 28 U.S.C. § 1915(b)." (*Id.*) Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and file promptly a change of address when necessary." (*Id.* at 2.) Plaintiff was warned that "<u>[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case</u>." (*Id.* (emphasis in original).)

---

court order and failure to prosecute); *Chambers v. Conmed Health Management Inc.*, Civ. Action 3:14-cv-152, Docket No. 7 (civil rights medical care claims consolidated with 3:14-cv-151 and later dismissed for failure to prosecute); *Chambers v. UTMB Management Team et al.*, 3:14-cv-151, Docket No. 61 (civil rights medical care claims dismissed for want of prosecution); *Chambers v. Ombudsman Office et al.*, Civ. Action 3:15-cv-336, Docket No. 8 (civil rights claim dismissed for want of prosecution); *Chambers v. TTUHSC Management TeamsUTMB*, Civ. Action 3:15-cv-07, Docket No. 6 (civil rights medical claims dismissed for want of prosecution); *Chambers v. J. Nabarez et al.*, Civ. Action 7:15-mc-137, Docket Nos. 30, 33 (civil rights claims dismissed for want of prosecution); *Chambers v. Stephens*, Civ. Action 7:14-cv-817, Docket Nos. 35, 38, 42 (§ 2254 state habeas petition dismissed for failure to exhaust state remedies; appeal dismissed for want of prosecution); *Chambers v. U.S. Mail Room, Segovia Unit*, Civ. Action 7:14-mc-869 (civil rights claims).

[2] Regrettably, the entry of this order was delayed due to oversight. Despite this, Plaintiff could have proceeded with his claims had he taken the necessary steps to prosecute this action. Unfortunately, as noted above, Plaintiff failed to provide the Clerk with his current address, and he did not take any other action to pursue his claims.

This order was returned as "undeliverable," suggesting that Plaintiff did not keep the Clerk informed of his current address subsequent to filing this civil rights action. (Docket No. 28.) Plaintiff has taken no further action in this case, nor has he had any contact with the Court since the Court's order was returned as undeliverable.

## II. ANALYSIS

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has failed to comply with the relevant rules and to prosecute this action in two ways. First, as a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4. (Docket No. 27.) As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket No. 28.)

Second, Plaintiff has never paid the required filing fee, nor has he met the requirements to proceed in forma pauperis. Plaintiff failed to respond to the Court's order regarding his obligations pursuant to the PLRA. In addition, he has not taken any other action to move his case forward.

In sum, because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4 and failed to either pay the filing fee or meet the PLRA's requirements to proceed in forma pauperis, this case should be dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Day v. Cockrell*, No. 3:01-cv-1325-P, 2002 WL 31757777, at *1 (N.D. Tex. Nov. 21, 2002) (dismissing § 2254 habeas petition where petitioner failed to notify court of his change of address and orders were returned to the court as undeliverable). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[3] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

---

[3] A copy of this Report will be sent to Plaintiff at the last address he provided. Should Plaintiff respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be DISMISSED for want of prosecution.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on October 9, 2020.

_____
Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE